O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>        Plaintiff(s),<br><br>    v.<br><br>LSI APPRAISAL, LLC, et al.,<br><br>        Defendant(s). | CASE NO. SACV 11-0706 DOC (ANx)<br><br>**O R D E R GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is a Motion to Dismiss Count 1 of the First Amended Complaint Under FRCP 12(b)(6) ("Motion to Dismiss") and for Partial Summary Judgment Under FRCP Rule 56 Regarding the Limitation on Any Contract Damages that may be Recoverable by Plaintiff ("Motion for Partial Summary Judgment") (collectively, the "Motion") filed by the remaining Defendants, LSI Appraisal, LLC ("LSI") and LPS Property Tax Solutions, Inc. ("LPS"), formerly known as Fidelity National Tax Service, Inc. ("FNTS") (collectively, "Defendants") (Docket 41). After carefully reviewing the moving, opposing, and replying papers and listening to oral argument by counsel, the Court hereby GRANTS IN PART AND DENIES IN PART the

Motion to Dismiss and DENIES the Motion for Partial Summary Judgment.

**I. BACKGROUND**

The Court's prior Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (Docket 35) fully recites the factual background of this case. By way of update, the FDIC filed a First Amended Complaint on November 23, 2011, alleging two different breach of contract claims against LSI and a breach of contract claim against FNTS. Count 1, the only new claim, alleges breach of contract against LSI with respect to appraisal services provided before October 16, 2006. First Amended Complaint ("FAC"), ¶ 30-34. Counts 2 and 3 are carried over from the original complaint and allege breach of contract violations against LSI and FNTS, respectively, for breach of the Appraisal Outsourcing Services Agreement dated October 16, 2006 (the "Agreement"). Defendants now move to dismiss Count 1 and seek partial summary judgment that any damages under Counts 2 and 3 are limited by the terms of the Agreement.

**II. LEGAL STANDARD**

A. Motion to Dismiss

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).

In resolving a Rule 12(b)(6) motion under *Twombly*, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Nor must the Court "accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no

plausibility "where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.*

### B. Motion for Summary Judgment

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  When the non-moving party bears the burden of proving the claim or defense at trial, the moving party can meet its burden for summary judgment by pointing out that the non-moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).  A party cannot create a genuine issue of material fact simply by making assertions in its legal papers.  There must be specific, admissible evidence identifying the basis for the dispute. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1980).

### III. DISCUSSION

### A. Motion to Dismiss Count I

Count I of Plaintiff's FAC alleges the breach of twelve additional contracts ("pre-Agreement contracts") entered into prior to the Agreement. Defendants seek to dismiss Count I because the Agreement allegedly voided the pre-Agreement contracts and because certain of the pre-Agreement contracts are barred by the statute of limitations.

Defendants first argue that the Agreement rendered void any preexisting appraisal services agreements. Defendants cite to Section 26 of the Agreement, which provides: "This Agreement and the Exhibits hereto represent the entire understanding and agreement between [LSI] and [WaMu] with respect to the matters identified herein. Any representations or

agreements that may have been made by any Party prior to the execution of this Agreement with respect to such matters are void, and none of the Parties have relied on such prior representations in executing this Agreement. Motion, 6-7. Defendants argue that this merger clause superceded all prior agreements between the parties.

The primary disagreement between Plaintiff and Defendants revolves around the definition of "matters," as it is utilized in Section 26 of the Agreement. Defendants assert that "matters" are "appraisal services." Reply, 3. Plaintiff, on the other hand, argues that "matters" are "the appraisal services to be performed during the term of the LSI Agreement." Opposition, 3. Despite both parties' use of strong, conclusory language like "clearly" and "obvious," neither party points to conclusive facts demonstrating that one interpretation of the word "matters" is correct. All that is required at the motion to dismiss stage is for Plaintiff to set forth a plausible interpretation. *Iqbal*, 129 S.Ct. at 1950. Plaintiff has met that burden.

Defendants next contend that two of the twelve pre-Agreement contracts are barred by California's two year statute of limitations for breach of contracts not founded on an instrument in writing. *See* Cal. Code. Civ. Proc. § 339; *Lusa Lighting, Int'l Inc. v. Am. Elex, Inc.*, No. SACV 07-674 DOC (MLGx), 2008 WL 4350741, at *7 (C.D. Cal. Sept. 22, 2008). Plaintiff argues that the two contracts in question were founded upon written instruments: a bid proposal from LSI to WaMu, WaMu's request for appraisal services, and the appraisal provided to WaMu by LSI. Opposition, 8. Although Plaintiff takes care to continually utilize the word "written" in its Opposition, it did not do so in its FAC. Nowhere in the FAC does Plaintiff explicitly state that any of the mentioned instruments were written, such that the Court has no choice but to apply California's two year statute of limitations for oral contracts.

The Motion to Dismiss is thus GRANTED to the extent it seeks the dismissal of breach of contract claims based on Loans 3062776079 and 306151908 but DENIED to the extent it seeks dismissal of all other pre-Agreement contracts. Plaintiff is given LEAVE TO AMEND; any amended complaint must be filed by February 21, 2012.

B. Motion for Partial Summary Judgment

4

Defendants also seek partial summary judgment on the question of limitation of damages. Defendants argue that the FDIC's maximum possible recovery of contract damages for Counts 2 and 3 is limited by certain provisions in the Agreement. Defendants point to Section 8.2(d) of the Agreement, which states, "The limitations or exculpations of liability set forth in Section 8.2(a) (Direct Damages) will not apply to claims by [WaMu] arising from direct damages regarding Original Appraisals as defined in Exhibit B (Appraisal Warranty). [LSI's] liability to [WaMu] for claims arising from or related to losses suffered by [WaMu] due to direct damages regarding an Original Appraisal shall not exceed the amounts set forth in Exhibit B (Appraisal Warranty) with respect to any individual Original Appraisal." It is then necessary to turn to Exhibit B, which defines "Original Appraisal." Exhibit B, Paragraph 1 states as follows: "[LSI] warrants that each 'Original Appraisal' (which, for purposes of this Exhibit B, includes an Interior Appraisal, Exterior Appraisal, Field Review, or Desk Review (all as defined in USPAP), each prepared on the then-current FNMA form appropriate for such appraisal type) provided by LSI shall [meet certain criteria]." The definition of "Original Appraisal" is of the utmost importance.

Defendants have conveniently omitted an essential portion of Exhibit B's definition of "Original Appraisal" in their papers. *See* Motion, 15. Exhibit B's definition of "Original Appraisal" includes an important caveat: that the definition is "for the purposes of this Exhibit B." Exh. B., ¶ 1. The Agreement thus explicitly specifies that the forthcoming definition of an "Original Appraisal" is only meant to apply to Exhibit B and not the rest of the Agreement. Because "Original Appraisal" is not mentioned outside of Exhibit B, there is no operative definition of "Original Appraisal" to apply to the remainder of the Agreement. This deliberate lack of an operative definition for "Original Appraisal" outside the context of Exhibit B leads the Court to one conclusion: that any section mentioning an "Original Appraisal" was meant only to apply to Exhibit B.  Section 8.2(d) of the Agreement consequently appears to lack any relevance to the present claims because the definition of "Original Appraisal," an operative term, is explicitly limited to Exhibit B and the parties agree that Plaintiff does not bring any claims alleging a violation of Exhibit B. At the very least, there is certainly a question of material fact as to whether Section 8.2(d) of the Agreement applies to Plaintiff's breach of contract claims set

forth in Counts 2 and 3. The Court sees no reason to cap Plaintiff's remedies for Counts 2 and 3 at this time.

**IV. DISPOSITION**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. Plaintiff's claims for breach of the two contracts discussed are DISMISSED WITHOUT PREJUDICE; any amended complaint must be filed by February 21, 2012. Defendants' Motion for Partial Summary Judgment is hereby DENIED.

IT IS SO ORDERED.

DATED: February 6, 2012

_____
DAVID O. CARTER
United States District Judge