O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0706 DOC (ANx)                    Date: April 25, 2012

Title: <u>FEDERAL DEPOSIT INSURANCE CORPORATION V. LSI APPRAISAL, LLC, ET AL.</u>

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

<u>Julie Barrera</u>                    <u>    N/A    </u>
Courtroom Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                    None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING MOTION TO DISMISS COUNT 1 OF THE SECOND AMENDED COMPLAINT**

Before the Court is a Motion to Dismiss Count 1 of the Second Amended Complaint filed by Defendant LSI Appraisal, LLC ("LSI") and Defendant LPS Property Tax Solutions, Inc. f/k/a Fidelity National Tax Service, Inc. ("LPS") (collectively, "Defendants") ("Motion to Dismiss"). (Docket 54)  The Court finds this matter appropriate for decision without oral argument.  Fed R. Civ. P. 78; Local R. 7-15.  After considering the moving, opposing, and replying papers, the Court DENIES the Motion to Dismiss.

**I.      Background**

The Court's prior Order Granting in Part and Denying in Part Defendants' Motion to Dismiss fully recites the factual background of this case. *See* Docket 35 ("First LSI Order"). The FDIC, as Receiver for Washington Mutual Bank ("WaMu"), ("Plainiff") then filed a First Amended Complaint on November 23, 2011, alleging two different breach of contract claims against LSI and a breach of contract claim against FNTS. Count 1, the only new claim, alleged breach of contract against LSI with respect to appraisal services provided before October 16, 2006. First Amended Complaint ("FAC"), ¶ 30-34. Counts 2 and 3 were carried over from the original complaint and alleged breach of contract violations against LSI and FNTS, respectively, for breach of the Appraisal Outsourcing Services Agreement dated October 16, 2006 (the "Agreement").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0706-DOC (ANx)                           Date: April 25,2012
                                                                                          Page 2

---

Defendants moved to dismiss Count 1. This Court granted the motion to the extent it sought the dismissal of breach of contract claims based on Loans 3062776079 and 306151908 because, without an explicit statement in the FAC that they were written agreements, they were subject to the two year statute of limitations for breaches of contracts not founded on instruments in writing. Defendants' motion to dismiss Count 1 was denied to the extent it sought dismissal of the ten other pre-Agreement contracts. *See* Docket 51 ("Second LSI Order").

Plaintiff filed a Second Amended Complaint ("SAC") on February 16, 2012. Defendants again seek to dismiss Count 1, which alleges breach of contract against LSI for appraisal services provided before October 16, 2006.

## II.      Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

In resolving a Rule 12(b)(6) motion under *Twombly*, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Nor must the Court "accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.*

## III.     Discussion

Defendants seek to dismiss Count 1 of the SAC on two different grounds. First, Defendants argue that the WaMu RFP made it clear that no contract could exist between the parties until the execution of the Agreement, which occurred in October 2006.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0706-DOC (ANx)                          Date: April 25,2012
                                                         Page 3

---

Defendants next attempt to resurrect the merger clause argument previously dismissed by the Court in the Second LSI Order. These arguments will each be addressed in turn.

First, Defendants argue that WaMu's Request for Proposal ("RFP") prohibits the existence of a contract that is not signed in writing by both parties. Defendants primarily rely upon a provision of the RFP that states,"[a]ny acceptance of a proposal is contingent upon the full execution of a written contract acceptable to both parties and Washington Mutual shall not be contractually bound to any Bidder prior to the execution of the contract by both parties." RFP, § 2.2.5. According to Defendants, there can be no pre-Agreement contract for appraisal services because the Agreement was the first written contract signed by both parties. Defendants also point to the language of the "Authorization Letter" submitted with LSI's RFP Response, which contained language required by the RFP. That Letter acknowledged that "Washington Mutual is in no way obligated to purchase any products/services or to award a contract on the basis of the RFP or the proposal thereto until contracts are executed." RFP Response, Att. 2; SAC, Exh. E, p6.

Defendants point to these provisions as proof that no contract could have been formed until the 2006 Agreement was signed by both parties. Defendants fail to address the fact, however, that all of the alleged limits on the ability to contract are terms propounded by and meant to benefit WaMu, not by Defendants. It is well-established that "a contracting party may waive conditions placed in a contract solely for the party's benefit." *Sabo v. Fasano,* 154 Cal. App. 3d 502, 505 (1984); *Wyler Summit Partnership v. Turner Broadcasting System, Inc.,* 135 F.3d 658, 662 (9th Cir. 1998) (noting that the "maxim of contract law" set forth in *Sabo* "has appeared in California jurisprudence for more than nine decades"). Further, this maxim is only required to the extent that the terms of the RFP are incorporated into or adopted by the RFP response, as the RFP itself was only an invitation to negotiate and not an offer, such that its terms are not directly part of the contract. *See* RFP, § 2.2.9. LSI never required that WaMu accept its offer only through a signed writing, nor does LSI attempt to argue that the provision was intended for its benefit. Moreover, the language to which LSI points in the Authorization Letter only protects WaMu from being *obligated* to purchase any services before a written contract; it does not *prohibit* WaMu from purchasing services without a signed document. Because the written contract requirement was designed to only protect WaMu, WaMu was free to waive it and accept LSI's offer through an alternative method.

To form a valid contract under California law, there must be (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient consideration. *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.,* 520 F. Supp. 2d 1184 (C.D. Cal. 2007);

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0706-DOC (ANx)                    Date: April 25,2012
                                                   Page 4

---

Cal. Civ .Code, § 1550. The "consent" of the parties requires: (1) "an offer communicated to the offeree"; and (2) "an acceptance communicated to the offeror." 7 *Donovan v. RRL Corp.,* 26 Cal.4th 261, 270–71, 109 Cal.Rptr.2d 807, 27 P.3d 702 (2001). It is undisputed that the RFP Response operated as an offer by LSI. *See* RFP, § 2.2.6 ("[e]ach Proposal shall constitute an offer"); Authorization Letter, RFP Response, Att. 2; SAC, Exh. E, p6 (the proposal, together with the RFP, shall form the basis of any subsequent contract between the parties). On twelve separate occasions, WaMu accepted the terms of the offer by ordering and paying for appraisal services by LSI. In so doing, WaMu waived the RFP's requirement that there must be a contract signed in writing to accept a bidder's proposal, along with any other condition in the RFP that would have precluded acceptance by a form other than a signed writing. *See Sabo,* 154 Cal. App. 3d at 505 (a condition specifying the means of acceptance may be waived). There was thus an offer and acceptance, such that there was a valid contract between WaMu and LSI based on the terms of the RFP Proposal for the twelve appraisal services provided before the 2006 Agreement was signed.

Defendants next attempt to resurrect the merger clause argument from their previous Motion to Dismiss and Motion for Summary Judgment. Defendants argue that this is not a motion for reconsideration because there are "new to the record documents" that provide additional support for Defendants' position. The Court disagrees. Neither of the RFP nor the RFP Response – the two new documents - provides conclusive proof that Defendants' interpretation of the term "matters" is correct, as that term is utilized in Section 26 of the Agreement.

By way of review, Defendants argue that the merger clause in the Agreement "voids . . . [prior] agreements" made by the parties "with respect to" the "matters identified" in the Agreement, such that any pre-Agreement contracts are now void. Once again, this issue turns on the definition of the word "matters." Defendants again assert that "matters" are "appraisal services." Plaintiff maintains the position that "matters" are "the appraisal services to be performed during the term of the LSI Agreement." As the Court previously held, neither party can provide incontrovertible proof demonstrating that its interpretation of the word "matters" is correct. All that is required at the motion to dismiss stage is for Plaintiff to set forth a plausible interpretation. *Iqbal*, 129 S.Ct. at 1950. Plaintiff has again met that burden.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0706-DOC (ANx)                     Date: April 25,2012
                                                    Page 5

---

 **IV.    Disposition**

For the aforementioned reasons, Defendants' Motion to Dismiss Count 1 of the Second
Amended Complaint is hereby DENIED.


MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk: jcb