1  Steven L. Hoard (Texas Bar NO. 09736600 (*pro hac vice*)
   shoard@mhba.com
2  MULLIN HOARD & BROWN, L.L.P.
   P.O. Box 31656
3  Amarillo, Texas 79120-1656
   Tel: (806) 372-5050/Fax: (806) 372-5086
4
5  Steven Jay Katzman (California Bar No. 132755)
   skatzman@bmkattorneys.com
6  BIENART, MILLER & KATZMAN, PLC
   903 Calle Amanecer, Suite 350
7  San Clemente, California 92673
   Tel: (949) 369-3700/Fax: (949) 369-3701
8  Attorneys for Plaintiff FEDERAL DEPOSIT INSURANCE
   CORPORATION as Receiver of Washington Mutual Bank
9
10 Luke G. Anderson (California Bar No. 210699)
   luke.anderson@klgates.com
11 K&L GATES LLP
   1900 Main Street
12 Suite 600
   Irvine, CA 92614-7319
13 Tel:  (949) 253-0900; Fax: (949) 253-0902

14 David T. Case (admitted *pro hac vice*)
   david.case@klgates.com
15 Bruce H. Nielson (admitted *pro hac vice*)
   bruce.nielson@klgates.com
16 K&L GATES LLP
   1601 K Street, N.W.
17 Washington, D.C.  20006
   Tel:  (202) 778-9084; Fax:  (202) 778-9100

18 ATTORNEYS FOR DEFENDANTS

19
20                    UNITED STATES DISTRICT COURT
21                   CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Washington Mutual Bank, <br><br> Plaintiff, <br><br> v. <br><br> LSI APPRAISAL, LLC, et al, <br><br> Defendants. | Case No.: SACV11-706 DOC (ANx) <br> *Related with* Case No.: SACV11-704 DOC <br><br> **JOINT SUBMISSION OF PROPOSED ESI PROTOCOL** <br><br> JUDGE:  HON. DAVID O. CARTER |

# JOINT SUBMISSION OF PROPOSED ESI PROTOCOL

Plaintiff and Defendants have conferred regarding the production of electronically stored information ("ESI"), and respectfully move the Court to enter an Order approving the same.

1.  This action relates to Washington Mutual Bank ("WaMu"). On September 25, 2008, the Federal Deposit Insurance Corporation ("FDIC") was appointed to serve as the Receiver of WaMu following the closure of WaMu by the Office of the Thrift Supervision ("OTS"). As used herein, "FDIC" or "Plaintiff" means the FDIC in its capacity as Receiver of WaMu, and "Defendants" means LSI Appraisal, LLC ("LSI"), and LPS Property Tax Solutions, Inc., f/k/a Fidelity National Tax Service, Inc. ("FNTS").

2.  This Protocol applies to the ESI provisions of Fed. R. Civ. P. 16, 26, 33, 34, or 37, and, insofar as it relates to ESI, this Protocol applies to Fed. R. Civ. P. 45 in all instances where the provisions of Fed. R. Civ. P. 45 are the same as, or substantially similar to, Fed. R. Civ. P. 16, 26, 33, 34, or 37. As used herein, the words "Party" or "Parties" include Plaintiff and Defendants and any person or entity that is served with a subpoena pursuant to Fed. R. Civ. P. 45. Nothing contained herein modifies Fed. R. Civ. P. 45 and, specifically, the provision of Rule 45(c)(2)(B) regarding the effect of a written objection to inspection or copying of any or all of the designated materials or premises.

3.  In this Protocol, the following terms have the following meanings:

    A.  "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system. Metadata is a subset of ESI.

B. "Native File(s)" means ESI in the electronic format of the application in which such ESI is normally created, viewed, and/or modified. Native Files are a subset of ESI.

C. "Static Image(s)" means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard computer systems. In the absence of agreement of the Parties or order of Court, a Static Image should be provided in Tagged Image File Format (TIFF or .TIF files). If a TIFF or .TIF file cannot be created, then the Static Image should be provided in Portable Document Format (PDF). If load files were created in the process of converting Native Files to Static Images, or if load files may be created without undue burden or cost, Opticon, or .dat load files should be produced together with Static Images.

4. The provisions set forth in Exhibit A shall govern the production of ESI.

5. FDIC or its contractors are in possession of certain ESI related to WaMu. The WaMu-related ESI includes, without limitation, the following databases: (1) Forensic Data; (2) Scanned Documents; (3) Network File Shares; (4) Email; and (5) various loan-related databases (Loan Master, Loan Transaction History, WKF AL Loan Origination Master, and IBT Loan Documentation). Subject to this Protocol and the Stipulated Confidentiality Agreement and Order (Dkt Nos. 68 & 69), and pursuant to an Order of the Court which shall be deemed made by approval of this Protocol, FDIC shall produce databases (1) through (5). In summary, (1) all email messages, documents, files and other records within the FDIC ESI that are "hit" through searches using search terms agreed upon by FDIC and Defendants shall be exported to a Relativity database; (2) Defendants shall be granted access to the Relativity database for inspection of the documents, and may designate the documents they wish to have

delivered;[1] and (3) FDIC shall produce any non-privileged documents designated for delivery and log any document reasonably believed not discoverable because it is privileged, subject to the work product doctrine, non-responsive, or otherwise not discoverable. FDIC and Defendants will agree upon an initial list of search terms for use in searching the FDIC ESI, and Defendants will have the right to request additional searches, subsequent to the initial search, that use search terms not used in prior searches of the FDIC ESI. Defendants shall pay a monthly fee of $10 per gigabyte of ESI hosted on the Relativity database, and shall pay a fee of six cents per page ($0.06/page) for documents produced and delivered by FDIC from the Relativity database. When Defendants complete their review and advise counsel for the FDIC that they no longer require access to Relativity, the Defendants shall be relieved of the monthly hosting fee; provided, however, that if any disputes between the parties exist that require continued use of the Relativity database, Defendants shall pay the fee until the dispute is resolved.

  6. Defendants are in possession of certain ESI, including, without limitation, email and documents of various types, and Defendants have previously produced certain ESI to FDIC. Subject to this Protocol and the Stipulated Confidentiality Agreement and Order (Dkt Nos. 68 & 69), and pursuant to an Order of this Court which shall be deemed made by approval of this Protocol, (1) Defendants shall produce for inspection by FDIC, ESI that is responsive to FDIC's document requests; and (2) Defendants shall produce any non-privileged documents designated for delivery, and log any document reasonably believed not discoverable because it is privileged, subject to the work product doctrine, nonresponsive, or otherwise not discoverable.

---

[1] Generally, during this review documents cannot be printed or downloaded. However, on a limited basis, Defendants' counsel may request the vendor hosting the Relativity database to permit downloading or printing of documents to facilitate their review and communications with their clients, but at the end of Defendants' review, all documents so downloaded or printed and all copies thereof shall be destroyed; any such requests shall remain confidential between Defendants' counsel and the vendor and shall not de disclosed to Plaintiff or its counsel.

7. Producing any ESI for inspection shall not be deemed a waiver, either express or implied, of any applicable privilege or the work product doctrine, nor constitute an admission that the ESI is relevant, discoverable, or admissible in the action. Before the delivery of any item of ESI to the requesting Party, the producing Party shall take reasonable steps to ensure that any item that is privileged, subject to the work product doctrine, non-responsive, or otherwise not discoverable is withheld and appropriately logged in compliance with Fed. R. Civ. P. 26(b)(5)(A); however, the inadvertent delivery of any information that may be withheld shall be subject to the provisions of Fed. R. Civ. P. 26(b)(5)(B).

8. The Parties consent to their respective ESI/IT consultants communicating directly with the vendor hosting the Relativity database without the involvement of the attorneys and with or without the involvement of the opposing Party's ESI/IT consultant; provided, however, that neither Party shall ask the vendor to take any action in contravention of this Protocol, and provided further that the vendor shall have no authority to bind any Party.

9. All queries, searches, filters, document review, and other use of Relativity shall be the work product of the attorney/firm working in Relativity and shall not be available to any other Party in this case.

10. Nothing in this Protocol requires Plaintiff or Defendants to produce again information that was produced to the other before this action was commenced.

11. Nothing in this Protocol relieves either Party of its obligation to search and produce to the other Party, in response to the other Party's document production requests and pursuant to Fed. R. Civ. P. 26 and 34, all responsive, non-privileged documents and records that are not included among the ESI produced by a Party ("Other Documents"). The production by a Party of ESI as contemplated in this Protocol shall not be deemed to discharge that Party's obligation to search for and produce Other Documents as requested by the other Party and pursuant to Fed. R. Civ. P. 34.

1  Dated: June 7, 2012

By: _____
Steven Jay Katzman
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673

Steven L. Hoard
John Mozola
Greg Dimmick
Sarah D. Pelley
MULLIN HOARD & BROWN, L.L.P.
P. O. Box 31656
Amarillo, Texas 79120-1656

Barry Gottfried
Counsel, FDIC Legal Division

Attorneys for Plaintiff
FEDERAL DEPOSIT INSURANCE
COPORATION, as Receiver of
Washington Mutual Bank


 /s/ Luke G. Anderson (SBN 210699)
_____
Luke G. Anderson (SBN 210699)
K&L GATES LLP
1900 Main Street
Suite 600
Irvine, CA 92614-7319

David T. Case (admitted *pro hac vice*)
Bruce H. Nielson (admitted *pro hac vice*)
K&L GATES LLP
1601 K Street, N.W.
Washington, D.C. 20006

Attorneys for Defendants

Dated: June 7, 2012

By: _____
Steven Jay Katzman
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673

Steven L. Hoard
John Mozola
Greg Dimmick
Sarah D. Pelley
MULLIN HOARD & BROWN, L.L.P.
P. O. Box 31656
Amarillo, Texas 79120-1656

Barry Gottfried
Counsel, FDIC Legal Division

Attorneys for Plaintiff
FEDERAL DEPOSIT INSURANCE COPORATION, as Receiver of Washington Mutual Bank

_____
Luke G. Anderson (SBN 210699)
K&L GATES LLP
1900 Main Street
Suite 600
Irvine, CA 92614-7319

David T. Case (admitted *pro hac vice*)
Bruce H. Nielson (admitted *pro hac vice*)
K&L GATES LLP
1601 K Street, N.W.
Washington, D.C. 20006

Attorneys for Defendants

# EXHIBIT A

**Exhibit "A" to ESI Protocol**

**Form of Production for Email**

All electronic email from Windows-Based ESI ("WESI") shall be produced in TIFF or .TIF file format (or, if use of that format is not possible, in single-page PDF file format) complete with full text extracts and the following fields of Metadata (to the extent such fields are available):

1. Custodian (Name of Custodian from which file is being produced);
2. Other Custodians (Name(s) of custodian(s) who had exact copy of message before de-duplication);
3. Author (FROM field);
4. CC;
5. BCC;
6. Recipient (TO field);
7. MD5 Hash Value or Equivalent;
8. Date Sent (Date the email was sent);
9. Date Received (Date the file was received);
10. Time Sent (Time the email was received);
11. Time Received (Time the email was received);
12. File Type (Application used to create the file);
13. Page Count;
14. File Ext (Extension for the file);
15. PST Name;
16. Body Text (Extracted text);
17. Bates Begin (Beginning Production Number);
18. Bates End (Ending Production Number);
19. Attach Begin (Beginning Attachment Range Number);
20. Attach End (Ending Attachment Range Number),

Electronic mail shall be produced along with attachments to the extent the message and/or any attachment is responsive, relevant and not privileged.

**Form of Production for Other WESI**

All other WESI (including attachments to electronic mail) shall be produced in TIFF or .TIF file format (or, if use of that format is not possible, in single-page PDF format) complete with full text extracts and the following fields of Metadata (to the extent such fields are available):

1. Custodian (Name of Custodian from which file is being produced);
2. Other Custodians (Name(s) of custodian(s) who had exact copy of file before de-Duplication);
3. Author;
4. Doc Title (Title of file from properties);
5. Doc Subject (Subject of file from properties);
6. Created Date (Date the file was created);
7. Created Time (Time the file was created);
8. Last Modified Date (Date the file was last modified);
9. Last Modified Time (Time the file was last modified);
10. Last Saved By (Name of user who last saved the file);
11. File Type (Application used to create the file);
12. Doc Type;
13. Page Count;
14. File Ext (Extension for the file);
15. Path (Full path of the original location where the file was located);
16. MD5 Hash (MD5 hash value of the original native file);
17. Body Text (OCR for paper data or Extracted text for all ESI);
18. Bates Begin (Beginning Production Number);
19. Bates End (Ending Production Number);
20. Attach Begin (Beginning Attachment Range Number);

21. Attach End (Ending Attachment Range Number).

**Form of Production for Spreadsheets**

All ESI in the form of spreadsheets shall be produced in native format, subject to objections for responsive and or based on the assertion of a privilege. Each spreadsheet will be renamed with an appropriate Bates number which shall also be reflected on a placeholder in the image production and load files.

**Load Files**

All WESI shall be produced along with an Opticon DII load file indicating Bates numbers and document breaks. Metadata shall be produced in Concordance DAT file format and extracted full text shall be provided in TXT file format at the document level. Non-Windows-Based Applications and Data shall be subject to the same production requirements to the extent technically and legally feasible.

**Attachments**

As a general matter, subject to specific review, a message or any other document or file and its attachments(s) shall not be withheld from production based on the fact that one or more attachments are privileged, irrelevant, or non-responsive. To the extent the message, document or file and/or one or more attachments is privileged or non-responsive, the responsive, non-privileged documents shall be produced along with placeholders indicating whether the individual record was withheld as non-responsive or privileged.

**Production of Native Files**

The Defendants understand that the protocol outlined in this Exhibit "A" represents the manner in which the FDIC wants to produce the ESI. The Defendants do not agree that the FDIC's proposed manner is the most effective or cost-efficient. Specifically, the Defendants maintain that review and production of ESI in its native format is the more generally accepted and preferred manner of production (FDIC disagrees with that assertion). However, the Defendants are willing to accept the

1  FDIC's manner of production but are not in any way releasing their right to seek
2  production of the native files pursuant to Fed. R. Civ. P. 34.

### Data Culling

The following file types shall be processed for production:

| Extension | File Type Description |
|---|---|
| cab | Windows cabinet (data will be extracted and container file discarded) |
| csv | Comma Separated Values file |
| dat | Data file |
| dbx | Outlook Express E-mail Folder |
| doc | Microsoft Word |
| docm | Microsoft Word Template |
| docx | Microsoft Word 2007 |
| dxl | Lotus Notes Message File |
| efax | Electronic fax documents |
| email | Outlook Express E-mail Message |
| eml | Outlook Express Saved Mail Message files |
| emlx | Apple Mail email message |
| htm | Web based Hypertext Markup Language File |
| html | Web based Hypertext Markup Language File |
| ics | Calendar items in Apple, Mozilla and Google |
| key | Apple Keynote presentation |
| maildb | MSN Mail file |
| mbox | Unix MAC file mailbox |
| mlm | Novell GroupWise saved email message file |
| mdb | Microsoft Access Database |
| mht | Multipurpose Internet Mail Extension |
| mim | Multipurpose Internet Mail Extension |

| | |
|---|---|
| mpp | Microsoft Project |
| msg | Outlook Mail Message |
| nsf | Lotus Notes (data will be extracted and container file discarded) |
| ost | Microsoft Outlook Offline folder file (data will be converted, extracted, and container file discarded) |
| pbx | Outlook Express message folder file |
| pdf | Portable Document Format File |
| pop | PopMail messages file |
| pps | Microsoft PowerPoint Show file |
| ppt | Microsoft PowerPoint file |
| pptx | Microsoft PowerPoint 2007 |
| pst | Microsoft Outlook personal folder file (data will be extracted and container file discarded) |
| rar | WinRAR compressed archive (data will be extracted and container file discarded) |
| rtf | Rich Text Format |
| tif | Tagged Image Format |
| txt | Plain Text File |
| wks | Works Spreadsheet |
| wpd | Corel WordPerfect |
| wps | Microsoft Works Word Processor Document |
| xls | Microsoft Excel |
| xlsx | Microsoft Excel 2007 |
| xml | Extensible Markup Language File |
| xps | XML Paper Specification |
| zip | Zipped Compressed File (data will be extracted and container file discarded) |
| zipx | Extended Zipped Compressed File (data will be extracted and container file discarded) |

**Duplicates**

DMS databases will be de-duplicated before export to the Relativity database.