Steven L. Hoard (Texas Bar No. 09736600) (admitted *pro hac vice*)
shoard@mhba.com
MULLIN HOARD & BROWN, L.L.P.
P. O. Box 31656
Amarillo, Texas 79120-1656
Tel: (806) 372-5050/Fax: (806) 372-5086

Steven Jay Katzman (California Bar No. 132755)
skatzman@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel: (949) 369-3700/Fax: (949) 369-3701

Attorneys for Plaintiff
FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver of Washington Mutual Bank

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Washington Mutual Bank,

Plaintiff,

v.

LSI APPRAISAL, LLC, et al.,

Defendants.

Case No. SACV11-706 DOC (ANx)
*Related with* Case No.: SACV11-704 DOC

**FDIC's UNOPPOSED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Honorable David O. Carter

# FDIC's UNOPPOSED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15 and L.R. 15, Plaintiff, the Federal Deposit Insurance Corporation ("FDIC"), as Receiver of Washington Mutual Bank ("WaMu"), seeks leave of Court to file a Third Amended Complaint. Defendants do not oppose this amendment.[1] The FDIC's Third Amended Complaint is electronically lodged contemporaneously with this Motion and reflects modifications to the list of loans upon which the FDIC brings suit and the resulting damage amount. The proposed Third Amended Complaint does not cause prejudice to LSI Appraisal, LLC ("LSI") and LPS Property Tax Solutions, Inc., f/k/a Fidelity National Tax Service, Inc. ("FNTS") (collectively referred to as "Defendants") and should therefore be permitted.

The FDIC's proposed Order has been electronically lodged with the Court concurrently with the filing of this request for leave to file.

## II. STATEMENT OF FACTS

The FDIC filed its Second Amended Complaint on February 16, 2012. Pursuant to this Court's Order Amending Scheduling Order, signed on April 9, 2012, the parties agreed to a deadline of September 1, 2012 to amend pleadings. In the FDIC's Second Amended Complaint, the FDIC identified 218 of the appraisal services provided by LSI which the FDIC alleges failed to comply with federal and

---

[1] Defendants' non-opposition to Plaintiff's motion to file the Third Amended Complaint is based on the fact, as described below, that Plaintiff inadvertently included the subject loans in its original Complaint in the related case No. SACV11-704 and is seeking to transfer the loans to the appropriate case. Defendants reserve all rights to oppose any future motions for leave to amend and to challenge the FDIC's claims in their entirety. Defendants do not agree that the FDIC is entitled to recover on any of the loans in the Third Amended Complaint and do not agree with the damage amounts contained in the Third Amended Complaint.

state law, regulatory guidelines, and USPAP. Exhibit C to the Second Amended Complaint included a list of those 218 loans.

By its Third Amended Complaint, the FDIC seeks to amend Exhibit C to include 7 additional loans that the FDIC previously believed had been performed by one of the Defendants in the related case No. SACV11-704. In addition, the FDIC seeks to amend its complaint to include such loans and the damages allegedly resulting from the 7 additional loans.

Accordingly, the FDIC seeks an order permitting the FDIC to file the proposed Third Amended Complaint.

## II. Argument

### A. Leave Should be Granted to Amend the Complaint

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court and the Ninth Circuit have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (holding that leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.) (emphasis in original). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue influence, prejudice to the opposing party, and futility of amendment." *DCB Programs*, 833 F.2d at 186. In the instant case, none of the factors enumerated by the *DCB Programs* Court are present.

### B. The Proposed Amendment Should be Permitted.

The FDIC's Third Amended Complaint should be permitted. In the Order

Amending Scheduling Order, this Court permitted the parties to seek to leave to amend to add new claims and/or parties until September 1, 2012. Because September 1, 2012 was a Saturday and Monday September 3, 2012 was a holiday, this Motion is timely filed on Tuesday, September 4, 2012. Furthermore, the FDIC's amendments fall well within the liberal standard for freely allowing amendments of pleadings. *See Foman*, 371 U.S. at 182 ("In the absence of . . . undue delay, bad faith, or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . the leave sought should, as the rules require, be 'freely given.'").

In the case at bar, there is no prejudice to Defendants as they do not oppose this amendment. The proposed Third Amended Complaint does not change the nature of Plaintiff's claims in the lawsuit, nor are Defendants precluded from conducting discovery in connection with the proposed 7 additional loans. Indeed, the deadline to complete discovery in this case is not until September 30, 2013.

Accordingly, Defendants will not be prejudiced by an order granting leave to file the FDIC's Amended Complaint. The FDIC offers its Third Amended Complaint in good faith and without undue delay.

## IV. Conclusion

For the reasons discussed above, the FDIC respectfully seeks leave of this Court to file the proposed Third Amended Complaint.

Respectfully submitted,

Dated: September 4, 2012.

MULLIN HOARD & BROWN, L.L.P

By: /s/ Steven L. Hoard
Steven L. Hoard
John Mozola
Greg Dimmick
Sarah D. Pelley
Attorneys for Plaintiff
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Washington Mutual Bank

BIENERT, MILLER & KATZMAN, PLC
Steven Jay Katzman
Attorneys for Plaintiff
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Washington Mutual Bank

Barry Gottfried
Counsel, FDIC Legal Division
Attorney for Plaintiff
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Washington Mutual Bank

## CERTIFICATE OF SERVICE

This is to certify that I have served a true and correct copy of the foregoing document upon all known counsel of record, as indicated below, on this 4th day of September, 2012:

***Via Electronic Mail via ECF System***
Luke G. Anderson
David T. Case
Bruce H. Nielson
K&L GATES
1601 K Street N.W.
Washington D.C. 20006-1600

***Via Electronic Mail via ECF System***
Steven Jay Katzman
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673

***Via Electronic Mail via ECF System***
Barry Gottfried
Federal Deposit Insurance Corporation
Legal Division
3501 North Fairfax Drive VS-B-7058
Arlington, VA 22226-3500

/s/ Steven L. Hoard
Steven L. Hoard